UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**CESAR PEREZ**, individually,

            **Plaintiff,**

v.

Case No. _____

**94 CHRISTOPHER INC. d/b/a HAVANA ALMA DE CUBA,** a New York for Profit entity, and **GHS, LLC,** a New York for Profit entity,

            **Defendants.**
_____

## COMPLAINT

Plaintiff, CESAR PEREZ, individually, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendant 94 CHRISTOPHER INC. d/b/a HAVANA ALMA DE CUBA and GHS, LLC for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

### Jurisdictional Allegations

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling Plaintiff to attorneys' fees, litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant GHS, LLC is the property owner of the premises located in New York County at 94 Christopher Street, New York City 10014 (hereinafter "Defendant-Landlord").

3. Defendant 94 CHRISTOPHER INC. d/b/a HAVANA ALMA DE CUBA (hereinafter "HAVANA ALMA DE CUBA") is the operator of a bar and dining establishment on

Defendant GHS, LLC's Property (hereinafter "Defendant-Operator"), which establishment is defined as a "place of public accommodation." *See* 28 CFR 36.201(a).

4. Plaintiff CESAR PEREZ (hereinafter "PEREZ" or "Plaintiff PEREZ") is a fifty-three (53) year old married man living with his wife in New York, is sui juris, and qualifies as an individual with a disability as defined by the ADA.

5. Plaintiff PEREZ has been suffering from a variety of medical ailments since first developing pancreatitis in 2003, including severe diabetes and shortness of breath.

6. Following a heart attack in 2004, after which Plaintiff PEREZ was diagnosed with diabetic neuropathy, Plaintiff PEREZ began receiving disability.

7. Diabetic neuropathy is a type of nerve damage that occurs as a result of severe diabetes. In Plaintiff PEREZ' case, the nerve damage caused by his diabetes effects the blood vessels throughout his hands, legs and feet as well as in his heart. There is no known treatment to reverse the nerve damage.

8. As a result of his diabetic neuropathy, Plaintiff PEREZ has been confined to a wheelchair since late 2004 having lost the use of his legs. His condition has also affected his upper body and arms leaving Plaintiff PEREZ with limited use of his hands.

9. As the neuropathy progresses Plaintiff PEREZ suffers more and more pain and continues to lose any functionality in his limbs.

10. Plaintiff PEREZ is married and has three step children – all of whom live in New York.

11. Although Plaintiff PEREZ travels many places on his motorized scooter, he commutes principally using Access-a-Ride and the MTA/New York City Transit Bus System or by receiving assistance from his family.

12. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

13. Venue properly lies in the Southern District of New York as it is the federal judicial district where the property is located on which the violative establishment is conducting business.

### ADA: Lack of Reasonable Accommodations at HAVANA ALMA DE CUBA

14. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the Property and as an operator of a "place of public accommodation," Defendants GHS, LLC and HAVANA ALMA DE CUBA are jointly responsible for ensuring compliance with the ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (hereinafter referred to collectively as the "Accessibility Standards").

15. Defendants have and are continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities.

16. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendant ongoing non-compliance with the ADA.

17. For example, Plaintiff PEREZ cannot enter the premises without assistance from an able-bodied friend due to the change in elevation and lack of assistance and accommodations for individuals in wheelchairs.

18. A preliminary inspection of HAVANA ALMA DE CUBA discloses that the following barriers to access exist thus effectively discriminating against Plaintiff as a disabled individual:

   a. inaccessible entrance as inaccessible path of travel leading to entrance due to raised curb at path of travel leading to entrance acts as a barrier to accessibility without required curb ramp;

   b. inaccessible entrance as step at entrance acts as a barrier to accessibility without required ramp not provided for step at entrance;

   c. required minimum maneuvering clearance not provided at entrance door;

   d. non-compliant door knob at entrance door acts as a barrier to accessibility;

   e. inaccessible dining tables as required minimum clear floor space allowing a forward approach not provided at dining tables;

   f. required minimum knee and toe clearance not provided at dining tables;

   g. minimum percentage of existing dining tables required to be accessible not provided;

   h. inaccessible bar as required minimum knee and toe clearance not provided at bar;

   i. non-compliant height of bar exceeds maximum height allowance;

   j. portion of bar required to be accessible not provided;

   k. compliant signage identifying the restroom not provided as required;

l.  inaccessible restroom as required minimum clear width not provided at opening of restroom door;

m.  required minimum maneuvering clearance not provided at restroom door;

n.  non-compliant door knob at restroom door requires twisting of the wrist;

o.  required minimum turning space not provided in restroom;

p.  inaccessible lavatory as required minimum floor space not provided at lavatory;

q.  non-compliant height of lavatory exceeds maximum height allowance;

r.  required minimum knee and toe clearance not provided at lavatory;

s.  inaccessible paper towel dispenser as mounted height of paper towel dispenser exceeds maximum height allowance;

t.  inaccessible mirror located above lavatory as height of mirror exceeds maximum height allowance;

u.  inaccessible urinal as required minimum floor space not provided at urinal;

v.  non-compliant height wall mounted urinal exceeds maximum height allowance;

w.  inaccessible water closet as required minimum floor space not provided at water closet;

x.  required grab bars not provided at rear and side walls of water closet;

y.  non-compliant position of flush control located at closed side of water closet;

z.  inaccessible toilet paper dispenser as distance of toilet paper dispenser from water closet;

aa.  failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

19. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

20. Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance.

### **Injunctive Relief Is Necessary to Prevent Future Discrimination**

21. Plaintiff frequently visits the area where Defendant-Operator's business is located. Plaintiff visited HAVANA ALMA DE CUBA and has suffered discrimination on the basis of his disability.

22. Plaintiff plans on returning to HAVANA ALMA DE CUBA to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

23. The present violations at Defendants' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendants' discriminatory practices or non-compliant facilities.

24. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: INJUNCTIVE RELIEF (AGAINST HAVANA ALMA DE CUBA)

25. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

26. Defendant HAVANA ALMA DE CUBA operates a place of public accommodation on Defendant GHS, LLC's Property with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

27. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment and facilities as a result of the ADA violations set forth herein in paragraph 18 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

28. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29. Plaintiff is suffering true and actual harm by Defendant HAVANA ALMA DE CUBA operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and they contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

30. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

31. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant is failing to take the steps necessary to ensure

that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

**COUNT II: INJUNCTIVE RELIEF (AGAINST GHS, LLC)**

33. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

34. Defendant GHS, LLC owns commercial real property on which it is permitting Defendant HAVANA ALMA DE CUBA to operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

35. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's building, property, and facilities as a result of the ADA violations set forth herein in paragraph 18 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

36. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

37. Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

38. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

39. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

40. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

41. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: DECLARATORY JUDGMENT AS TO VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

42. Title III of the Americans with Disabilities Act mandates that all places of public accommodation must provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

43. At the time Plaintiff PEREZ visited Defendant HAVANA ALMA DE CUBA's establishment on Defendant GHS, LLC's Property, Plaintiff could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 17.

44. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and

reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

45. At the time Plaintiff visited Defendant's property Defendant was in violation of Title III of the ADA and had denied Plaintiff reasonable access to the good and/or services being offered on their premises causing Plaintiff to retain the undersigned law firm.

46. As a result of Defendant continuously violating of Title III of the ADA Plaintiff PEREZ has and is suffering actual harm in the form of personal injury, humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

47. A declaration that Defendant is in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendant(s) compliance with the law.

**WHEREFORE**, Plaintiff prays for and respectfully requests a Court order declaring that Defendant, at the time Plaintiff visited Defendant's property, were in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that as a result of architectural barriers, Plaintiff has been denied access to the goods and/or services offered on the subject property thereby discriminating against Plaintiff as an individual with a disability.

Respectfully submitted on March 5, 2017.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666
**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009